**In the District Court of the United States**
**For the District of South Carolina**
BEAUFORT DIVISION

| | | |
|---|---|---|
| **Zack Zembliest Smith, III, #04838-078,** | ) | |
| | ) | Civil Action No.  9:07-1647-JFA-GCK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **D. F. Bauknecht,[1] Warden,** | ) | **OF THE MAGISTRATE JUDGE** |
| | ) | |
| Respondent. | ) | |
| | ) | |

## I.  INTRODUCTION

The petitioner, Zack Zembliest Smith, III ("Petitioner" or "Smith"), a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II.  BACKGROUND

Petitioner was sentenced by the Honorable Howell Cobb in the United States District Court for the Eastern District of Texas (the "Sentencing Court") on December 16, 1994 to a 66 year and 10-month term of incarceration for knowingly obstructing, delaying and affecting commerce by committing robbery in violation of 18 U.S.C. § 1951 and for carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  He also was ordered to pay

---

[1]   Respondent's counsel has informed the Court that Respondent D. F. Bauknecht was the Warden at FCI Williamsburg when the lawsuit was filed, but has now retired.  (*See* Respondent's Motion for Summary Judgment [23] at p. 1, n.1).  The current warden at FCI Williamsburg is John Owen.  Accordingly, it is ordered that John Owen be substituted as the proper respondent in this action.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 498 (1973) (the proper respondent in a habeas petition is the custodian of the prisoner.).

restitution. (Petition [1], pp. 2-3 and Exhibit A at p. 6 attached to Respondent's Motion [23]).[2] Specifically, Judge Cobb's Judgment and Commitment Order ordered that Petitioner pay restitution in the amount of $22,937.12 and directed that "[r]estitution shall be paid in installments according to a plan to be determined by the Probation Office." (Exhibit A, p. 6).

Petitioner currently is incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina ("FCI Williamsburg"), and has a projected release date of October 8, 2060, via Good Conduct Time Release. (*See* Exhibit B attached to Respondent's Motion [23]).

In June, 2005, Petitioner began making quarterly payments toward his restitution obligation. (Exhibit C attached to Respondent's Motion [23], Inmate Financial Responsibility Display). Petitioner paid $25.00 per quarter toward his restitution obligation (*Id.),* which was the minimum payment for compliance with the Inmate Financial Responsibility Program ("IFRP"). 28 C.F.R. § 545.11(b)(1).

In August 2006, Petitioner was being considered for a work assignment to UNICOR, the Federal Prison Industries operation at FCI Williamsburg. According to the Respondent, due to Petitioner's outstanding restitution obligation, he could not be assigned to this work detail at other than Grade 5 unless he agreed to pay 50% of his UNICOR earnings toward his obligation. *See* 28 C.F.R. §545.11(b)(2). On August 14, 2006, Petitioner signed a financial contract which stated that he agreed to pay 50% of his monthly earnings from his UNICOR work assignment toward his outstanding court-ordered obligations. (Exhibit D attached to Respondent's Motion [23], Inmate Financial Contract). This payment was set to begin in December 2006. (*Id.*). Petitioner began making his IFRP payments December 12, 2006, with a payment of $94.10, which constituted 50% of his earnings. (Exhibit C attached to Respondent's Motion [23]). According to the Respondent, Petitioner's UNICOR pay has increased since that time so that

---

[2]     Petitioner also was ordered to pay a $300 special assessment (Exhibit A, p.1), which he does not challenge here.

Petitioner has paid an average of $220.10 per month for the past 9 months toward his obligation. (Exhibit C). Again, this is 50% of his monthly earnings from his work assignment.

In January 2007, Petitioner advised his Correctional Counselor at FCI Williamsburg he believed that the part of his sentence as it related to the court imposed restitution was an improper delegation of authority that was contrary to Article III of the United States Constitution and in violation of 5 U.S.C. §§ 706 et seq. Thus, Petitioner was not challenging the execution of his sentence, but the underlying validity of the sentence itself. Petitioner asked that the collection of payments toward his restitution cease. ([1-2] at p. 1). Petitioner's Correctional Counselor advised him that a new Judgment and Commitment order would have to be issued by the Sentencing Court for his payment obligations to cease. (*Id.*).

On September 11, 2007, having filed the instant action, the Petitioner again asked his Correctional Counselor to stop the collection of restitution. (Exhibit E to Respondent's Motion [23], Inmate Request to Staff dated August 31, 2007). The Petitioner again was advised that a court order was necessary to implement such a change. (*Id.*)

### III. DISCUSSION OF PETITIONER'S ALLEGATIONS

The Petitioner contends that the Sentencing Court improperly delegated its authority to establish the installment amounts and timing of his restitution payments to the Probation Office.[3] The undersigned agrees, finding that the Sentencing Court issued an invalid sentence.

The Petitioner filed his petition [1] on June 8, 2007, asserting that the execution of his sentence with respect to his payment of restitution through the Bureau of Prison's Inmate Financial Responsibility Program ("IFRP") was in violation of the Constitution and laws of the United States. The record reflects that the Judgment and Commitment Order issued by the Sentencing Court in Petitioner's criminal case did not set the timing and amounts of payment of

---

[3]     As mentioned *supra*, the Judgment issued by the Sentencing Court states: "Restitution shall be pain in installments according to a plan to be determined by the Probation Office." (*See* Exhibit A to Respondent's Motion [23]).

restitution to be made, but instead ordered that "[r]estitution shall be paid in installments according to a plan to be determined by the Probation Office." (Exhibit A at p. 6, attached to Respondent's Motion [23]). Petitioner contends that the Sentencing Court impermissibly delegated a core judicial function to the Probation Office and thus is in violation of Article III of the Constitution.

Petitioner filed this Section 2241 petition to obtain a court order declaring that the IFRP, set forth as Bureau of Prison ("BOP") Program Statement 5380.07, is unconstitutional as applied to him. Petitioner also seeks an order that the BOP cease all collection efforts against him until his Judgment and Commitment Order is vacated or modified, a further seeks a ruling that the BOP's continued collections of restitution from Petitioner pursuant to the IFRP is "arbitrary, capricious and otherwise not in accordance with established law." Lastly, Petitioner seeks a refund of all monies collected from him to date. (Petition [1] at p. 12)

On October 19, 2007, the Respondent filed an answer and return [20], and on December 7, 2007, the Respondent filed a motion for summary judgment and supporting documents [23] (collectively, the "Motion"). By order filed December 10, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the Motion. [24] On January 8, 2008, the Petitioner filed a response in opposition to the Motion. [26] Hence, this case is ripe for review by the undersigned.

## IV. DISCUSSION OF THE LAW

At first blush, it appears that Petitioner challenges the execution of his sentence, contending that the Sentencing Court failed to establish the amount or timing of restitution payments ordered by it, and unlawfully delegated those determinations to the Probation Office. It is well-settled that 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a prisoner's sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004), citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc); *see also Summersett v. Bauknecht*, 496

F.Supp.2d 636, 642 (D.S.C. 2007), *citing United States v. Childs*, 126 Fed. Appx. 96 (4th Cir. 2005) (unpublished) (challenge to implementation of criminal fines does not seek release from custody arises under Section 2241, not Section 2255).

However, Section 2241 is not the proper vehicle to challenge an invalid sentence, which is the issue here. As recently explained in *Boose v. Drew*, 2008 WL 2557438 (D.S.C. June 20, 2008) (CMC-TER), prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Since the passage of § 2255, however, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where, as here, the underlying validity of the conviction and sentence is being challenged. *Craft v. Lamanna*, 2008 WL 1736834 at *2 (D.S.C April 15, 2008) (HFF-TER), *citing Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas

corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

At bottom, Plaintiff's petition challenges the underlying validity of his federal sentence rather than the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *Craft v. Lamanna,* at *3, *see also In re Vial*, 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug.08, 2000) (unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec.12, 2000) (unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000) (same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept.21, 1999) (same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug.12, 1999) (same).

Here, the Petitioner does not argue that § 2255 is an inadequate or ineffective remedy. In fact, Petitioner does not state that he ever filed a § 2255 petition. Therefore, it appears that the instant § 2241 Petition in this case should be dismissed so that Petitioner properly may file his § 2255 petition to challenge his unlawful sentence issued by the Sentencing Court.

## RECOMMENDATION

Based upon the reasons set forth above, it is recommended that the Petitioner's § 2241

Petition [1] should be dismissed without prejudice so that he may file a § 2255 petition.  It

further is recommended that Respondent's motion for summary judgment **[23] be deemed moot.**


GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

July 10, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).