IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zack Zembliest Smith, III, | ) | C/A No.  9:07-1647-JFA-GCK |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Owen, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Zack Smith, is an inmate at the Federal Correctional Institution Williamsburg in Salters, South Carolina.[1] The petitioner brings this action pursuant to 28 U.S.C. § 2241 alleging that his sentencing court improperly delegated its authority to establish restitution payments to the United States Probation Office. He requests injunctive and declaratory relief.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation.[2] In a detailed Report and Recommendation, the Magistrate Judge suggests

---

[1] While the petitioner originally named Warden Bauknecht as the respondent, Warden Bauknecht has retired. Warden John Owen is now the acting Warden and the caption in this order has been corrected to reflect this change.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the

1

that the petition is subject to dismissal without prejudice. The Magistrate Judge reasons that the instant § 2241 petition should have been filed as one under 28 U.S.C. § 2255 since it challenges an invalid sentence and the relief ultimately sought by the petitioner must come from the petitioner's sentencing court in the Eastern District of Texas.

The undersigned has reviewed the Report and agrees with the Magistrate Judge's recommendation that this § 2241 petition should be dismissed so that petitioner may properly file a § 2255 petition to challenge the sentencing court's judgment directives regarding restitution.

As to petitioner's requests that the court enter a declaratory order that the Bureau of Prisons ("BOP") cease all collection efforts against him until his underlying judgment is vacated or modified; and petitioner's allegations that (1) the BOP's collections are arbitrary and capricious; and (2) the BOP should refund all moneys collected from petitioner to date, these claims are more properly addressed in a § 2241 petition with the petitioner's custodian. However, the petitioner may refile, if necessary, another § 2241 in this district after the initial judgment matter with the Texas sentencing court is resolved.

The petitioner was advised of his right to file objections to the Report, and he has timely done so. The court has reviewed the objections, along with the government's motion for summary judgment, and for the reasons set forth below, the court dismisses the § 2241 petition without prejudice.

---

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

2

BACKGROUND

The petitioner was sentenced to a 66-year term of incarceration in the United States District Court for the Eastern District of Texas in 1994 on robbery and firearm charges. He was also ordered to pay restitution in the amount of $22,937.12. The judgment and commitment, entered in 1994, specifically directed that payments were to be made to the Department of Justice and that such restitution "shall be paid in installments according to a plan to be determined by the Probation Office." The order did not direct when the payments were to commence.[3]

In June 2005, the petitioner began making quarterly payments of $25 toward his restitution obligation, the minimum payment for compliance with the Inmate Financial Responsibility Program ("IFRP"). *See* 28 C.F.R. § 545.11(b)(1). The following year, petitioner was being considered for a work assignment at UNICOR, the federal prison industries operation at FCI-Williamsburg. Petitioner was informed that he could not be assigned to a higher work detail unless he agreed to pay 50% of his UNICOR earnings toward his restitution obligation. Petitioner signed a contract agreeing to pay 50% of his monthly earnings toward his restitution commencing in December 2006.

In January 2007, petitioner advised his counselor at FCI-Williamsburg that he believed the IFRP to be an improper delegation of a judicial function and asked that the

---

[3] Generally, if the sentencing court does not establish a date certain or equal monthly installment payments for payment of the restitution, the monetary penalty is due immediately under 18 U.S.C. § 3572(d)(1). The requirement to make payment immediately is generally interpreted to require payment to the extent possible and to begin as soon as possible. *Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (unpublished).

collection of payments toward his restitution cease. Petitioner was advised by his FCI counselor that the only way the BOP could cease collection was for the sentencing judge in Texas to issue a new judgment and commitment.

The petitioner began an administrative grievance process whereby he was advised that he was free to cease participation in the IFRP, but that such a decision would carry potential adverse consequences.

The respondent concedes that the petitioner has exhausted his remedies available under the formal Administrative Remedy procedure on the various issues raised in his petition.

## THE § 2241 PETITION

Smith contends the Texas district court's delegation of its authority to establish the installment amount and timing of his fine and restitution payments to the United States probation officer was error. He cites *United States v. Miller* in support of this proposition.

In *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996), the Court held that a district court lacks authority to delegate to the probation officer the final authority to determine the amount of restitutionary installment payments, without retaining ultimate authority over such decisions. Ultimate authority can be retained by requiring the probation officer to recommend restitutionary decisions for approval by the court. *Id.* at 809. The Court reasoned that the statutory duty imposed upon district courts under 18 U.S.C.A. § 3663(f)(1) (West Supp.1995) "to fix the terms of restitution must be read as exclusive because the imposition of a sentence, including any terms for probation or supervised release,

4

is a core judicial function." *Id*. at 808.

Here, the Texas district court's judgment[4] directed the following with regard to restitution:

> The defendant shall make restitution to the following persons in the following amounts:
>
> Name of Payee                    Amount of Restitution
> Market Basket Store              $22.937.12
>
> Payments of restitution are to be made payable to the
>
> > Department of Justice
> > Financial Litigation Unit
> > P.O. Box 1222
> > Tyler, TX 78702
>
> Restitution shall be paid in installments according to a plan to be determined by the Probation Office.

While this court does not retain the authority or jurisdiction to modify the defendant's sentence or his restitution plan since this court did not originally sentence the defendant, it appears to this court that the petitioner's sentencing judge delegated its authority to the probation office to determine the timing and amount of payments to be made by the defendant.

After carefully examining the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court adopts the Magistrate Judge's recommendation. Accordingly, this petition is dismissed without prejudice.

---

[4] *See United States v. Zack Zembliest Smith*, CR No. 1:94-68-1 (E.D. Texas, Dec. 19, 1994).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

Joseph F. Anderson, Jr.
United States District Judge

September 2, 2008
Columbia, South Carolina